HEARD NOVEMBER TERM, 1873.

### KELLER *vs.* MYERS.

A defendant in execution is not entitled, as part of his homestead exemption, to money arising from sales of his real estate, as allowed by the Act of March 13th, 1872, where his homestead had been claimed and set off to him before the passage of that Act, though such homestead was appraised at less than $1,000.

BEFORE GRAHAM, J., AT ORANGEBURG, MAY TERM, 1872.

On the 8th day of February, 1872, Joseph A. Keller obtained judgment, and on the next day entered execution thereon in the office of the Sheriff of Orangeburg County, against Ann Myers, Levi Myers and Capers Myers. The judgment was for $5,436.60, on a bond given in 1863. On the 10th day of the same month and year' the Sheriff levied, under the execution, upon two separate tracts of land as the property of Levi Myers, one containing 205 acres and the other 103 acres. Levi Myers claimed his homestead, and appraisers were appointed to assign and set it off, who, on the 22d day of February, 1872, did assign and set off as his homestead the tract containing 205 acres, valued at $500. The tract of 103 acres was not appurtenant to the dwelling house and outbuildings of Levi Myers, but was entirely separate therefrom, and on the 1st day of April, 1872, the Sheriff sold this tract for $350. He also sold, at the same time, the remainder in the homestead tract for $55. The net proceeds of both sales amounted to $389.

Levi Myers claimed the sum in the Sheriff's hands on the ground that he was entitled to it under the Act " to reduce all Acts and parts of Acts to determine and perpetuate the homestead into one Act, and to amend the same," approved March 13th, 1872, and this was a rule upon the Sheriff to compel him to apply the money to the execution of Keller.

The decision of His Honor the Circuit Judge is as follows :

GRAHAM, J. This was a motion made by the plaintiff for an order to direct the Sheriff of Orangeburg to pay over to the plaintiff the sum of three hundred and eighty-nine (389) dollars, which are in his hands, under the following state of facts :

An execution was lodged in the case the 9th of February, 1872; levy was made on the 10th (the day on which the General Statutes were enacted,) upon two tracts, one containing 205 acres, and the other 103. On the 22d of February the 205 acre tract was set off to the defendant, Levi Myers, one of the defendants in the cause, valued at $500. On the 13th of March, 1872, the Act to consolidate the homestead law was approved.

On the 1st of April, 1872, the 103 acre tract of Levi Myers was sold for $350, and the remainder in homestead in the 205 acre tract for $55, making $405. The affidavit of the Sheriff's deputy shows that the costs of sale reduces the amount to $389.

The defendant, Levi Myers, claims that sum as an addition to the homestead, under the Act of 13th March, 1872, and the plaintiff claims it by his motion :

1. Because he says the Act of 13th March is unconstitutional in this particular.

2. Because it did not operate upon this case, the execution and levy having been made prior to its passage.

I. This Court must regard the Act of the Legislature constitutional until the Supreme Court decides otherwise.

II. And is of opinion that the Act of the 13th March applies to this case.

The motion is therefore dismissed, the plaintiff to pay the costs of the motion. As, however, the plaintiff has given notice of an intention to appeal, such appeal shall operate as a *supersedeas,* provided the notice and grounds are served, and the bond for costs given within the time prescribed by law; otherwise the Sheriff shall pay the money to the defendant, or he may pay it to him at once upon sufficient security to refund in case the appeal is sustained.

Keller, the plaintiff in execution, appealed.

*Taylor & Dibble,* for appellant :

The 3d Section of the Act of 13th March, 1872, is unconstitutional—

1. It impairs the obligation of contracts.—*McCracken* vs. *Heyward*, 2 How., 608; *State* vs. *Carew*, 13 Rich., 509; *Gunn* vs. *Barry*, U. S. Supreme Court, 1873.

2. The State Constitution prescribes that the homestead shall consist of "dwelling house, outbuildings and lands appurtenant," and specifies the kinds of personal property, and the maximum amount of such property, to be exempted from execution "to secure the full enjoyment of said homestead." This excludes, by the words "secure the full, &c.," any additional kinds or amount of property, as a homestead exemption. Money is not specified, nor are lands not appurtenant to the dwelling house.

3. If not a homestead exemption, it is not embraced in the title of the Act.—Const., Art. II, Sec. 20.

Section 3 of Act of 13th March, 1872, does not apply to this case—

1. The homestead was set off and assigned, and the levy made, before the passage of the Act of 13th March, and the rights of the parties and of the Sheriff were ascertained and vested under homestead laws of 1868 and the General Statutes.—*Taylor* vs. *Miller*, 13 How., 293; *Frierson* vs. *Wesberry*, 11 Rich., 355; *Gassoway* vs. *Hall*, 3 Hill, 289.

2. Section 3, Act of 13th March, is not retrospective in its terms, and a statute will never be interpreted as retrospective or as divesting vested rights by implication.—15 Stat., 230; Cooley's Cons. Lim., 62; *Dash* vs. *Van Kleech*, 7 Johns. R., 502, 509; *Osborn* vs. *Nicholson*, 13 Wallace, 662; Broom Leg. Max., 35, *et seq.; Ex Parte Graham*, 13 Rich., 277.

3. Section 3, Act of 13th March, in its terms, explicitly confines its own application to the case of a "homestead assigned under Section 1 of this Act."—15 Stat., 230.

4. In order to authorize the Sheriff to pay the defendant, Levi Myers, the proceeds of sale in his hands, it is necessary to decide that the homestead of Levi Myers was assigned under Section 1 of the Act of March 13, which is not the fact; or to decide that Section 3 of said Act divests a vested right, a construction which can only be supported in rare instances, when the words of the statute leave it beyond doubt.

5. *Gunn* vs. *Barry*, U. S. Supreme Court, 1873—Error to the Supreme Court of Georgia: "In this case the Court hold that an Act of the Legislature of Georgia of 1868, increasing the amount of homestead exemption, was not applicable to pre-existing debts

and judgments, and reverse a judgment below, refusing the writ of *mandamus* to compel the Sheriff to levy on certain property of Barry, that officer having declined to make the levy on the ground that the property was exempt under the Act cited." Mr. Justice Swayne delivered the opinion.

The constitutional provisions and statutes of this State concerning the homestead are void as to pre-existing contracts.— *Gunn* vs. *Barry.*

*Hutson* vs. *Hutson,* contra :

As appellant's brief states no ground of appeal, the appellee is confined to the points decided by the Circuit Judge—

1. That the Act of 13th March, 1872, so far as the 3d Section is concerned, is not unconstitutional.

2. That the 3d Section of said Act is applicable to the case made in the statement of facts.

I. The appellee contends that the ruling below on the constitutional question is right—

1. That the 1st Section of third Article of the Constitution gives *all* the legislative power of the State to the General Assembly.

2. That under this wide grant the General Assembly has no limit as to the enactment of homestead laws, save as it is restricted by the 32d Section of Article II.

3. That the restrictions of that Section are five only, to wit : 1. That the value of land assigned shall not exceed $1,000. 2. That of the personalty $500. 3. That the exemption shall not avail against the purchase money, nor the money expended in improvements. 4. Nor to taxes. 5. Nor to the yearly proceeds, so far as the debts were incurred in the production thereof.

4. That the 3d Section of A. A. 1872 does not violate any of these restrictions.

II. And the provisions of the 3d Section of the A. A. 13th March, applied to the sale made in April, 1872—

1. The 1st Section of that Act only continues of force the same Section of the Acts of 1868, and of the 10th February, 1872, and the 3d Section is as if it was written : " That if the homestead *hitherto provided* " shall not amount to the value of $1,000.

2. When the sale took place, and the Sheriff received the money, it was subject to the operation of this Act, by which he was bound

to pay it to the person claiming the homestead, *in preference to all other* claims.

3. It was a *constitutional* enactment that the homestead, whenever the land was of sufficient value, should only be limited by the first constitutional restriction ; and it came in time to affect this case, notwithstanding the levy and set-off of homestead were made prior to the Act.

4. Was the fact that the homestead had already been set off any better reason why the Legislature could not make this subsequent provision than that a judgment entered up, long before the war and the adoption of the Constitution, is no bar to a claim of homestead ? The judgment creditor's lien on the property, over and above what had been set off, was of no greater force than it had been before. If the Legislature had the power and the intention to grant a homestead against the vested rights of a judgment creditor, (and this Court has so decided,) why should they not have the power and intention of taking the money arising from the sale of land, on which he had no higher claim than he originally had on the whole of the land ?

5. That the Legislature intend that the homestead in land shall only be restricted by the constitutional limit is evident from the last Act, for while it leaves of force the 3d Section of the A. A. 13th March, (for it is neither inconsistent with, nor supplied by it,) it provides, in every case of excess of value and a sale, that $1,000 shall be applied to the purchase of a homestead, without reference to the size of the family or leaving it to appraisers to fix.

For these reasons the appellee submits that the appeal should be dismissed.

Jan. 7, 1874. The opinion of the Court was delivered by

MOSES, C. J. Joseph A. Keller, the appellant, on the eighth February, 1872, obtained in the Circuit Court for Orangeburg County a judgment against Levi Myers and others, which was duly entered on the same day, and, on the next, execution thereon was lodged in the Sheriff's office, on which, on the tenth, a levy was made of two several tracts of land—the one containing two hundred and five acres (more or less), and the other one hundred and three acres (more or less), as the property of the said Myers.

Proceedings under the Homestead Act were instituted by Myers,

and on the 23d of February, 1872, the appraisers, duly appointed for the purpose, assigned and set off to him as a homestead the tract containing two hundred and five acres, valued at $500. The other tract, not appurtenant to the dwelling house and out-buildings, but entirely separate therefrom, was sold by the Sheriff, under the said levy, on 1st of April, 1872, for the sum of $350, and the remainder in the homestead tract for $55. Myers claiming the said proceeds under the Act of the General Assembly "to reduce all Acts and parts of Acts to determine and perpetuate the homestead into one Act, and to amend the same," approved March 13, 1872, (15 Stat., 229), Keller, the appellant, sought, by proceedings below, to have the money in the hands of the Sheriff applied in satisfaction of his judgment; the Circuit Judge refusing, he asks, by appeal to this Court, to reverse his order.

When Myers claimed his homestead it was by virtue of the provision of the Constitution and the Act of 1868 "to determine and pepetuate the homestead," (14 Stat., 19). He acquired no further nor more extended rights in regard to it than were thereunder given, and if any succeeding Legislature in any manner changed or varied the laws in respect to the homestead privilege, either by increasing or diminishing its extent, his rights, as established and confirmed, could not be thereby affected. His claim of homestead had been administered; there was nothing further to be adjudicated, and subsequent change in the law could not operate on a transaction which had been consummated through judicial proceedings.—See *Taylor* vs. *Miller*, 13 How., 293; *Frierson* vs. *Westberry*, 11 Rich., 335.

It seems to have been the express intention of the Act of March 13, 1872, to extend the provisions, under its third Section, only to cases of homestead assigned under it. Its language admits of no other conclusion, and Myers having already accepted the 205 acres of land as his homestead under the Act of 1868, although it was assessed at only five hundred dollars, has no right to any further extension under the Act of March, 1872, for, by its own avowal, the benefit which he now seeks applies only to assignments of homestead through the force of its first Section.

In the consideration of the case below it would seem that the Constitution and the Act of 1868 were construed as securing a right of homestead in real estate to the full value of one thousand dollars. A reference to both will, however, show that it is not to

exceed that value, and, in the view of the Constitution, "is to consist of dwelling house, outbuildings and lands appurtenant." The Act of 1868 declares that when the homestead is set off "no further proceedings shall be had against it, but the residue of the lands and tenements of the head of the family, if any more or other he shall have, shall be liable to levy, attachment and sale." The third Section of the Act of March, 1872, only makes further provision where the real estate assigned as a homestead under it was in value less than one thousand dollars, and, in that event, the difference was to be paid to the claimant, out of sales of any other land, in preference to the creditor. How far it may involve a constitutional objection, by including in the homestead exemption lands other than "the dwelling house, outbuildings and lands appurtenant," it is not necessary for us now to consider or determine. For the other reasons expressed we hold the judgment of the Circuit Court erroneous, and the motion to reverse it is granted.

*Wright*, A. J., and *Willard*, A. J., concurred.